## CIRCUIT COURT OF CHESTERFIELD COUNTY

Vernon L. Hatton

v.

Robert L. Markham,
Adm'r of the Estate of
Charles E. Yates, Sr., et al.

March 13, 1992

Case No. CH90–1443

By Judge Herbert C. Gill, Jr.

The Court has reviewed the memoranda submitted, as well as the facts of this case. The facts appear to be undisputed. Most of the law of the cases appears to be undisputed. The sole legal issue in controversy appears to be whether the legal rate of interest runs against all of the principal balance owed or only one-half in order to coincide with the limited interest of the plaintiff.

Section 8.01–358 of the 1950 Code of Virginia (as amended) seems to be dispositive of this question. The lien attaches as to the equity on the date of bankruptcy, plus accrued interest at the legal rate until paid. The lien is against the whole and not against a one-half undivided interest. The statute provides that it shall be a lien "on all the real estate." Mr. Hatton has a one-half *undivided* interest in the real property. Therefore, the Court may not proceed to declare the debt "satisfied" under § 8.01–455 of the 1950 Code of Virginia (as amended) until there is proof that the entire judgment has been paid off or discharged. For the Court to order the same would require the Court to modify the terms of the debt (lien). The Court is without authority to modify the lien. *Gurnee v. Johnson*, 77 Va. 712 (1883).